UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEN'S FOODS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-12492-LTS |
| STEADFAST INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT (DOC. NOS. 19, 24)

August 3, 2020

SOROKIN, J.

Now before the Court are the parties' cross-motions for partial summary judgment. Doc. Nos. 19, 24. Plaintiff Ken's Foods, LLC ("Ken's Foods") purchased a "Z Choice Pollution Liability Policy" from Defendant Steadfast Insurance Company ("Steadfast") with a policy period of November 23, 2014 to November 23, 2019. Doc. No. 29 ¶ 2. According to Ken's Foods, on December 20, 2018, there was a substantial accidental discharge of wastewater at its facility in McDonough, Georgia, resulting in various clean-up expenses. Id. ¶¶ 9, 24. Steadfast has covered some of those expenses (approximately $882,000 worth of submissions) under the relevant policy. Id. ¶ 25. Ken's Foods has submitted further expenses that Steadfast is evaluating; these additional submissions may be the subject of further dispute within this action, particularly whether the expenses were reasonable and necessary. Doc. No. 25 at 24. By agreement, the parties have submitted cross-motions for summary judgment on a separate coverage dispute: whether Ken's Foods can recover from Steadfast the costs that it says it

incurred to avoid suspending its operations after the pollution discharge.  Additionally, Steadfast has moved for summary judgment on Ken's Food's claims pursuant to chapters 93A and 176D of the Massachusetts General Laws.  Doc. No. 24.

At the hearing on the motions, the parties confirmed certain points suggested by their papers: that Ken's Foods agrees that the language of the policy does not provide coverage for costs undertaken to avoid a suspension of operations and that Massachusetts law governs the motions.  See Doc. No. 28 at 1 ("Plaintiff does not disagree with Defendant that the Policy provisions requiring mitigation efforts refer to post-suspension efforts"); Doc. No. 30 at 1 (noting that Ken's Foods "seemingly abandons the argument made in its initial motion that the subject losses should be covered by the actual provisions of the subject Policy").  See Doc. No. 28 at 2 (noting that Steadfast "accept[s] the notion that Massachusetts law governs").  The crux of the instant dispute is whether the common law of Massachusetts entitles Ken's Foods to recover the costs it seeks.  Urging the Court to answer this question in the affirmative, Ken's Foods offers the following statement from another judge of the United States District Court for the District of Massachusetts:

> The common law imposes a duty on insured parties to mitigate insured loss. Absent an insurance policy provision to the contrary, the common law also recognizes the right of the insured to seek compensation from the insurer for the costs of mitigation. To be entitled to compensation, the insured must show that the mitigation expenses relate to an existing or imminent covered loss.

Demers Bros. Trucking v. Certain Underwriters at Lloyd's, London, Subscribing to Certificate No. SRS IM MA 04-124, 600 F. Supp. 2d 265, 274–75 (D. Mass. 2009) (Tauro, J.).

Of course, while Demers may be persuasive, it is not a controlling decision, a point both sides recognized at the hearing; indeed, decisions of other judges of this district can be persuasive, but they are not controlling.  Vertex Surgical, Inc. v. Paradigm Biodevices, Inc., 648

F. Supp. 2d 226, 231 (D. Mass. 2009) ("[D]istrict court decisions are neither authoritative nor precedential." (citations omitted)); Special Situations Fund III, L.P. v. Am. Dental Partners, Inc., 775 F. Supp. 2d 227, 239 (D. Mass. 2011) ("District courts are not bound to follow the decisions of other district courts.").

Here, the Court does not find Demers persuasive for at least two reasons.  First, Ken's Foods cites no Massachusetts statute, no decision from the Massachusetts Supreme Judicial Court ("SJC"), no decision from the Massachusetts Appeals Court, no decision from any justice of the Massachusetts Superior Court, no other decisions from the District of Massachusetts, nor any decision from the United States Court of Appeals for the First Circuit recognizing or applying a common law right of recovery under Massachusetts law on behalf of an insured against its insurer.  All of the authority cited in Demers for its statement of the common law right arises either from decisions of state courts other than those of the Commonwealth applying law other than Massachusetts law, see Demers, 600 F. Supp. 2d at 274 n.24 (citing Am. Home Assurance Co. v. J.F. Shea Co., Inc., 445 F. Supp. 365 (D.D.C. 1978); Witcher Constr. Co. v. Saint Paul Fire & Marine Ins. Co., 550 N.W.2d 1 (Minn. Ct. App. 1996); Metalmasters of Minneapolis, Inc. v. Liberty Mut. Ins. Co., 461 N.W.2d 496 (Minn. Ct. App. 1990); City Coal & Supply Co. v. Am. Auto. Ins. Co., 99 Ohio App. 368, 133 N.E.2d 415 (1954); Travelers Indem. Co. v. Pollard Friendly Ford Co., 512 S.W.2d 375 (Tex. Civ. App. 1974)), or a single treatise, id. (citing 11 Lee R. Russ, Couch on Insurance § 168:11 (3d ed. 2008)).[1]  Nor has Ken's Foods cited controlling or persuasive case law that Massachusetts law generally supplements statutory and contractual terms governing the insurer-insured relationship with common law principles.  In these circumstances and mindful of the admonition that "[f]ederal courts are not free to extend

---

[1] In addition, the treatise does not cite Massachusetts case law.

the reach of state law," Doe v. Trustees of Bos. Coll., 942 F.3d 527, 535 (1st Cir. 2019), the Court declines to "extend state law beyond its well-marked boundaries in an area . . . that is quintessentially the province of state courts," Markham v. Fay, 74 F.3d 1347, 1356 (1st Cir. 1996).

Second, in a decision issued well after Demers, the SJC recently expressed its strong view that insurance contracts are bargained-for exchanges limited to their express terms and not generally supplemented by the common law. Mount Vernon Fire Ins. Co. v. Visionaid, Inc., 76 N.E.3d 204, 209 (Mass. 2017) (observing that insurance policies are "contractual agreement[s]" that "insure against a particular risk" and holding that a "written insurance policy" bound the insurer to perform specifically enumerated duties "and no more").

Accordingly, Ken's Foods' Motion for Partial Summary Judgment (Doc. No. 19) is DENIED and Steadfast's Cross-Motion for Partial Summary Judgment (Doc. No. 24) is ALLOWED insofar as it seeks a declaration that costs undertaken to avoid a suspension of operations are not covered by the applicable insurance policy and that Ken's Foods is not entitled to such costs under Massachusetts common law.  Additionally, the Court ALLOWS Steadfast's Cross-Motion for Summary Judgment on Ken's Foods' claims pursuant to chapters 93A and 176D of the Massachusetts General Laws.  Doc. No. 24.  The Motion is ALLOWED because Ken's Foods conceded at the hearing to allowing the Motion should the Court rule against it on the common law liability question, as it now has. In any event, even viewing the facts in the light most favorable to Ken's Foods, there is nothing to suggest that Steadfast's denial of coverage for costs allegedly undertaken to prevent a suspension of operations was "unreasonable," "in bad faith," or the result of "ulterior motives." Clarendon Nat'l Ins. Co. v. Philadelphia Indem. Ins.

Co., 954 F.3d 397, 410 (1st Cir. 2020) (quoting Bos. Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 545 N.E.2d 1156, 1160 (Mass. 1989)).

The parties shall, within twenty-one days of the issuance of this Order, file a joint status report explaining their joint or separate positions as to the proposed schedule for the remainder of this dispute.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge